## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

QFO Labs, Inc.,               Civil Action No.:  0:17-cv-05014-DWF-HB

       Plaintiff,

v.

Amazon.com, Inc.,

       Defendant.

---

### AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff QFO Labs Inc. ("Plaintiff"/"QFO") makes and files this Amended Complaint for Patent Infringement against Defendant Amazon.com, Inc. (collectively "Defendant"/"Amazon") under the patent laws of the United States, Title 35 United States Code, and states and alleges as follows:

### THE PARTIES

1.    Plaintiff QFO is a Delaware Corporation, with its principal place of business located at 10149 Johnson Avenue South, Bloomington, Minnesota, 55437.

2.    On information and belief, Defendant Amazon.com, Inc., is a Washington domestic corporation, with its principal place of business at 300 Deschutes Way Southwest, Suite 304, Tumwater, Washington, 98501.

## NATURE OF THE ACTION

3.     This is an action for infringement of Plaintiff's three patents, United States Patent Nos. 7,931,239 (hereinafter "the '239 Patent"), 9,073,532 (hereinafter "the '532 Patent"), and 9,645,580 (hereinafter "the '580 Patent") (collectively the "Patents") pursuant to United States Patent Act, 35 U.S.C. § 1 *et seq.*, including at least 35 U.S.C. §§271(a), 271(b) and 281 based on Defendant's infringing conduct, including without limitation Defendant's sale and offers to sell its infringing products.

## JURISDICTION AND VENUE

4.     This Court has original and exclusive jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b). On information and belief, Defendant has committed or induced acts of infringement and/or a substantial part of the events, omissions or infringement giving rise to Plaintiff's claims have occurred in this District. Further, on information and belief, Defendant has a regular and established a regular place of business within the District based on the physical location of one of its warehouse facilities in Shakopee, Minnesota.

6.     Defendant is subject to this Court's personal jurisdiction in this District because Defendant has systematic and continuous business contacts in the State of Minnesota, has actively infringed and/or induced infringement in Minnesota, continues to conduct such business through the sale of infringing products in the State of Minnesota, has a physical presence in Minnesota, and operates various facilities in this State.

## FACTUAL BACKGROUND

### A. The '239 Patent.

7.     On April 26, 2011, the United States Patent and Trademark Office duly and lawfully issued the '239 Patent, entitled "HOMEOSTATIC FLYING HOVERCRAFT," identifying Brad Pedersen and Peter Spirov as inventors. (*See* **Exhibit A**, which is attached hereto and is incorporated by reference as is fully set forth herein, and which is a true and correct copy of the '239 Patent.)

8.     All rights, title and interest in and to the '239 Patent were assigned by the inventors by assignments recorded to Qaxu Technologies, Inc., which in turn was assigned to Plaintiff by an assignment recorded on January 19, 2013. Plaintiff is the sole owner of the '239 Patent, and has acquired all rights related to the '239 Patent, including the right to sue for Defendant's infringing acts.

9.     The '239 Patent claims priority to a U.S. provisional filed on August 30, 2002, and is directed to a homeostatic flying hovercraft that preferably utilizes

two pairs of counter-rotating motors that drive corresponding blades to generate lift and utilizes a homeostatic control system to create a remote control flying craft, or drone, that is easily controlled. The homeostatic control system controls the flying craft with radio signals from a handheld controller that operates in what is referred to as the "tilt-to-fly mode."[1]

**B. The '532 Patent.**

10.    On July 7, 2015, the United States Patent and Trademark Office duly and lawfully issued the '532 Patent, entitled "HOMEOSTATIC FLYING HOVERCRAFT," identifying Brad Pedersen and Peter Spirov as inventors. (*See* **Exhibit B,** which is attached hereto and is incorporated by reference as is fully set forth herein, and which is a true and correct copy of the '532 Patent.)

11.    All rights, title and interest in and to the '532 Patent were assigned by the inventors by assignments recorded to Qaxu Technologies, Inc., which in turn was assigned to Plaintiff by an assignment recorded on January 19, 2013. Plaintiff is the sole owner of the '532 Patent, and has been the sole owner of the '532 Patent throughout the period of Defendant's infringing acts.

12.    The '532 Patent is a continuation of the '239 Patent and is directed to a homeostatic flying hovercraft that preferably utilizes at least two pairs of

---

[1] This description of the '239 Patent is intended to provide a general explanation of the patent at issue. It is not intended to be limiting and nothing herein should be construed as a legal description of the '239 Patent's claims or limitations.

counter-rotating motors that drive corresponding blades to generate lift and utilizes a homeostatic control system to create a remote control flying craft, or drone, that is easily controlled. The homeostatic control system controls the flying craft with radio signals from a handheld controller that operates in what is referred to as the "tilt-to-fly mode." The handheld controller can be implemented as an application which may, for example, be downloaded to a smart phone and/or tablet.   In operation, the flying craft is controlled by the application and it mimics the orientation of the handheld controller.[2]

**C.** **The '580 Patent.**

13.     On September 21, 2016, QFO filed a prioritized patent examination under 37 CFR § 1.102(e) for U.S. Patent Application No. 15/272,414 entitled "RADIO-CONTROLLED FLYING CRAFT."

14.     On May 9, 2017, the United States Patent and Trademark Office duly and lawfully issued the '580 Patent, entitled "RADIO-CONTROLLED FLYING CRAFT," identifying Brad Pedersen and Peter Spirov as inventors. (*See* **Exhibit C** which is attached hereto and is incorporated by reference as is fully set forth herein, and which is a true and correct copy of the '580 Patent.)

---

[2] This description of the '532 Patent is intended to provide a general explanation of the patent at issue. It is not intended to be limiting and nothing herein should be construed as a legal description of the '532 Patent's claims or limitations.

15.     All rights, title and interest in and to the '580 Patent belong to Plaintiff. Plaintiff is the sole owner of the '580 Patent, and has been the sole owner of the '580 Patent throughout the period of Defendant's infringing acts.

16.     The '580 Patent is a continuation of the '239 Patent and the '532 Patent and is directed to a homeostatic flying hovercraft and a radio controlled flying saucer toy employing the principals of a homeostatic flying hovercraft that preferably utilizes at least two pairs of counter-rotating motors that drive corresponding blades to generate lift and utilizes a homeostatic control system to create a remote control flying craft, or drone, that is easily controlled. The homeostatic control system controls the flying craft with radio signals in response to software instructions configured to cause a control system in a handheld controller to operate in what is referred to as the "tilt-to-fly mode." [3] The software instruction may, for example, be downloaded to a smart phone and/or tablet.  In operation, the flying craft is controlled by the application and it mimics the orientation of the smart phone and/or tablet.

**D.     Defendant's Infringing Conduct.**

17.     Defendant has and continues to infringe Plaintiff's Patents by selling, offering for sale in the United States, and importing into the United States

---

[3] This description of the '580 Patent is intended to provide a general explanation of the patent at issue. It is not intended to be limiting and nothing herein should be construed as a legal description of the '580 Patent's claims or limitations.

certain remote control flying craft, or drones, and corresponding software applications, which are manufactured and distributed by various companies, including, without limitation Parrot, Inc., Parrot S.A., Parrot Drones S.A.S., LocoRobo Innovations, Inc., and Kidz Delight, Ltd. Ehang, Inc., IOT Group, Ltd., Zero UAV Intelligence Technology, Co., Ltd., and Wingsland Technology, Inc. (hereinafter collectively referred to as "Drone Companies"), and which are sold by Defendant (hereinafter the "Infringing Drone Products") as follows:

| Drone Companies | Infringing Drone Products |
|---|---|
| Parrot, Inc., Parrot S.A., Parrot Drones, S.A.S. ("Parrot") | Including, without limitation the following: Bebop 2 Quadcopter, MAMBO Quadcopter, Airborne Night SWAT Drone, AR.Drone 2.0 Elite Quadricopter and AR.Drone 2.0 Power Edition, and the related variations thereof |
| LocoRobo Innovations, Inc.; KidzDelight, Ltd. | Aura Drone with Glove Controller, and the related variations thereof |
| IOT Group, Ltd. | Rova - Selfie Drone, and the related variations thereof |
| Ehang, Inc. | Ehang GhostDrone 2.0, and the related variations thereof |
| Zero UAV Intelligence Technology Co., Ltd. | ZeroTech Dobby, and the related variations thereof |
| Wingsland Technology, Inc. | Wingsland S6, and the related variations thereof |

(*See* **Exhibit D** attached hereto that is a true and correct copy of a chart identifying relevant Drone Companies along with the Infringing Drone Products.)

18.   The Infringing Drone Products include remote control flying craft, or drones, sold, offered for sale, or imported by Defendant, including without

limitation, those identified on **Exhibit D**, and the related variations thereof, among others. (*See* **Exhibits E-1, E-2, E-3, E-4, E-5 and E-6**, which are attached hereto and are incorporated by reference as if fully set forth herein, and which contain true and correct copies of screenshots of the Infringing Drone Products offered for sale by Defendant.)

19.     The Infringing Drone Products further include the downloadable applications that comprise the software instructions for the control system to control a remote control flying craft, or drone, that are downloaded to a handheld device, such as a smart phone or tablet, including, without limitation, the AR. FreeFlight Pro App, the Ehang Ghost Drone App, the Rova App, the Zerotech DoFun App, and the Wingsland S6 Drone App, and the related variations thereof, among others. (*See* **Exhibits F-1, F-2, F-3, F-4 and F-5**, which are attached hereto and are incorporated by reference as if fully set forth herein, and which contain true and correct copies of screenshots of the software applications available for download from the Drone Companies.)

20.     On information and belief, the Infringing Drone Products incorporate important and valuable technical innovations embodied in the '239 Patent, including, without limitation, the tilt-to-fly mode for operating the drone. (*See* **Exhibits G-1, G-2, G-3, G-4, G-5 and G-6**, which are attached hereto and are incorporated by reference as if fully set forth herein, and which contain claim

charts analyzing how each element of Claims 1, 4, 6 and 8 of Plaintiff's '239 Patent are found in one of the Infringing Drone Products for each different Drone Company, thereby providing one example of how at least these claims of Plaintiff's '239 Patent are infringed.)

21.    On information and belief, the Infringing Drone Products also incorporate important and valuable technical innovations embodied in the '532 Patents including, without limitation, the tilt-to-fly mode for operating the drone. (*See* **Exhibits H-1, H-2, H-3, H-4, H-5 and H-6**, which are attached hereto and is incorporated by reference as if fully set forth herein, and which contain claim charts analyzing how each element of Claims 1, 6, 21, and 24 of Plaintiff's '532 Patent are found in one of the Infringing Drone Products, thereby providing one example of how at least these claims of Plaintiff's '532 Patent are infringed.)

22.    On information and belief, the Infringing Drone Products incorporate important and valuable technical innovations embodied in the '580 Patent including, without limitation, the tilt-to-fly mode for operating the drone. (*See* **Exhibits I-1, I-2, I-3, I-4, I-5 and I-6**, which are attached hereto and incorporated by reference as if fully set forth herein, and which contain claim charts analyzing how each element of Claims 1, 2, 5, 7, 8, 11, 13, 14, and 15 of Plaintiff's '580 Patent are found in the Infringing Drone Products for the Drone

Companies, thereby providing one example of how at least these claims of Plaintiff's '580 Patent are infringed.)

23.     By selling, or offering for sale or importing the Infringing Drone Products, which embody Plaintiff's rights in the '239, '532 and '580 Patents, or by inducing others to so act, Defendant has directly infringed, continues to infringe, and/or have induced others to infringe Plaintiff's intellectual property rights and, in particular, Plaintiff's '239, '532 and '580 Patents. (*See* **Exhibit J**, which contains links to videos that demonstrate the tilt-to-fly mode of the Infringing Drone Products and, specifically, permits operation of those Products that directly infringe at least Claims 1, 4, 6 and 8 of the '239 Patent,  Claims 1, 6, 21, and 24 of the '532 Patent, and Claims 1, 2, 5, 7, 8, 11, 13, 14, and 15 of the '580 Patent; *see also* **Exhibits K-1, K-2, K-3, K-4, K-5 and K-6**, which contain the Drone Companies' user manuals for the Infringing Drone Products, and which are incorporated by reference as if fully set forth herein.)

24.     Additionally, by selling, offering for sale or importing the Infringing Drone Products, which embody Plaintiff's rights in the '239, '532 and '580 Patents, or by inducing others to so act, Defendant has profited from the sale of the Infringing Drone Products without authorization and without compensating Plaintiff for the exploitation of Plaintiff's intellectual property rights.

## E.    Other Actions Involving Plaintiff's Patents.

25.    The '239 and '532 Patents are the subject of a declaratory judgment action filed by Parrot in Delaware district court on August 8, 2016: *Parrot S.A., et al. v. QFO Labs, Inc.*, Case No. 1:16-cv-00682-GMS (D. Del.). (*See* **Exhibit L**, which is a true and correct copy of the Parrot Complaint). The Delaware suit was amended shortly after issuance of the '580 Patent to include a declaratory judgment count against the '580 Patent. (*See* **Exhibit M**, which is a true and correct copy of the Amended Complaint). The Delaware suit is now stayed pending the outcome of the *inter partes* review ("IPR") petitions filed by Parrot against the '239, '532 and '580 Patents. (*See* **Exhibit N**, which is a true and correct copy of the Order to Stay.)

26.    Plaintiff filed a patent infringement action against Parrot for infringement of the '239 and '532 Patents in Minnesota District Court on October 12, 2016: *QFO Labs, Inc. v. Parrot S.A., et al.*, Case No. 16-cv-03443-JRT-HB (D. Minn.). (*See* **Exhibit O**, which is a true and correct copy of the QFO Complaint). Prior to entry of an amendment to add the '580 Patent, the Minnesota suit was dismissed without prejudice following the Supreme Court decision in *TC Heartland LLC v. Kraft Foods Groups Brands LLC*, 137 S.Ct. 1514 (2017). (*See* **Exhibit P**, which is a true and correct copy of the Dismissal).

27.     Plaintiff also filed a patent infringement action against Brookstone Stores, Inc. for infringement of the '239 and '532 Patents in Minnesota District Court on April 7, 2017: *QFO Labs, Inc. v. Brookstone Stores, Inc.*, Case No. 0:17-cv-01100-JNE-SR (D. Minn.). (*See* **Exhibit Q**, which is a true and correct copy of the Complaint). This suit was dismissed by Order of the Court on September 29, 2017 pursuant to a settlement. (*See* **Exhibit R**, which is a true and correct copy of the Order).

28.     The '239, '532 and '580 Patents are the subject of five IPR petitions filed by Parrot with the Patent Trial and Appeal Board of the United States Patent and Trademark Office:

IPR2016-01550, filed August 8, 2016 against the '239 Patent.

IPR2016-01559, filed August 8, 2016 against the '532 Patent.

IPR2017-01089, filed March 15, 2017 against the '239 Patent.

IPR2017-01090, filed March 15, 2017 against the '532 Patent.

IPR2017-01400, filed May 10, 2017 against the '580 Patent.

29.     For the first two IPR petitions against the '239 and '532 Patents, an IPR trial was instituted for only one of the challenged claims of the '239 Patent in IPR2016-01550 (*see* **Exhibit S**, which is a true and correct copy of the Decision to Institute for IPR2016-01550), and for only one set of challenged claims of the '532 Patent in IPR2016-01559 (*see* **Exhibit T**, which is a true and correct copy of the

Decision to Institute for IPR2016-01559). None of these challenged claims are asserted in this Amended Complaint.

30.     For the third and fourth IPR petitions against the '239 and '532 Patents, both petitions were denied and IPR trials were not instituted for IPR2017-01089 (*see* **Exhibit U**, which is a true and correct copy of the Decision Not to Institute for IPR2017-01089), and IPR2017-01090 (*See* **Exhibit V**, attached hereto that is a true and correct copy of the Decision Not to Institute for IPR2017-01090).

31.     For the fifth IPR petition against the '580 Patent, the petition was denied and an IPR Trial was not instituted for IPR2017-01400. (*See* **Exhibit W**, which is a true and correct copy of the Decision Not to Institute for IPR2017-01400.) In denying the petition and the institution of an IPR Trial for IPR2017-01400, the Patent Trial and Appeal Board expressly rejected the prior art and arguments asserted by Parrot in the IPR trials of Claim 10 of the '239 Patent and Claim 8 of the '532 Patent. (*See id.*)

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,931,239

32.     Plaintiff restates and realleges the foregoing paragraphs in this Amended Complaint as though fully set forth in this Count.

33.     On information and belief, Defendant has infringed and continues to infringe the '239 Patent, on information and belief, by selling, and/or offering for sale within the United States, and/or importing into the United States, including within this District, the Infringing Drone Products, which embody the inventions claimed in Claims 1, 4, 6 and 8 of the '239 Patent, at least as established in the claim charts attached as **Exhibits G-1, G-2, G-3, G-4, G-5 and G-6**, and which comprise acts of infringement under 35 U.S.C. § 271(a).

34.     On information and belief, Defendant has been and is inducing infringement of Claims 1, 4, 6, and 8 of the '239 Patent by actively and knowingly inducing others to use, sell, offer for sale or import the Infringing Drone Products that embody or use the inventions claimed in the '239 Patent, which constitutes infringement under 35 U.S.C. § 271(b). Defendant's conduct includes, without limitation, inducing Defendant's drone customers to download applications from the Apple® App Store for an Apple® mobile device or from the Google® App Store for an Android® mobile device, which applications can be used to control the Infringing Drone Products in a manner consistent with at least the at least the limitations of Claims 1, 4, 6 and 8 of Plaintiff's '239 Patent. (*See* **Exhibits F-1, F-2, F-3, F-4 and F-5**.) The software download is used to operate the Infringing Drone Products in a tilt-to-fly mode in which an orientation of the body of the flying

craft mimics an orientation of the mobile device operating as a handheld controller as claimed in Claims 1, 4, 6, and 8 of the '239 Patent. (*See id.*)

35.     On information and belief, Defendant has known of the existence of the '239 Patent since at least as early as 2013, and its acts of infringement have been willful and in disregard for the '239 Patent, without any reasonable basis for believing that it has a right to engage in the infringing conduct.

36.     On information and belief, Defendant has acted and/or is continuing to act despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of that objectively high risk at least as early as 2013. Thus, on information and belief, Defendant's infringement of the '239 Patent has been, and continues to be knowing, intentional and willful, thereby entitling Plaintiff to enhanced damages and reasonable attorneys' fees and costs under 35 U.S.C. § 284.

37.     As a result of Defendant's infringement of the '239 Patent, Plaintiff has suffered damages and is entitled to a judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of Plaintiff's inventions by Defendant, together with interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284.

38.     Defendant's acts of infringement of the '239 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such

infringing activities by Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 9,073,532**

39.     Plaintiff restates and realleges the foregoing paragraphs in this Amended Complaint as though fully set forth in this Count.

40.     On information and belief, Defendant has infringed and continue to infringe the '532 Patent, on information and belief, by selling, offering for sale and/or using within the United States, and/or importing into the United States, including within this District, the Infringing Drone Products, which embody the inventions claimed in Claims 1, 6, 21, and 24 of the '532 Patent as established in the claim charts attached as **Exhibits H-1, H-2, H-3, H-4, H-5 and H-6**, and which comprise acts of infringement under 35 U.S.C. § 271(a).

41.     On information and belief, Defendant has been and are inducing infringement of Claims 1, 6, 21, and 24 of the '532 Patent by actively and knowingly inducing others to use, sell, offer for sale or import the Infringing Drone Products that embody or use the inventions claimed in the '532 Patent, which constitutes infringement under 35 U.S.C. § 271(b). That conduct by

Defendant includes, without limitation, inducing Defendant's drone customers to download applications from the Apple® App Store for an Apple® mobile device or from the Google® App Store for an Android® mobile device, which applications can be used to control the Infringing Drone Products in a manner consistent with at least the limitations of Claims 1, 6, 21, and 24 of Plaintiff's '532 Patent. (*See* **Exhibits F-1, F-2, F-3, F-4 and F-5**.) The software download is used to operate the Infringing Drone Products in a tilt-to-fly mode in which an orientation of the mobile device of the flying craft mimics an orientation of the phone operating as a handheld controller as claimed in Claims 1, 6, 21, and 24 of the '532 Patent. (*See id.*)

42.     On information and belief, Defendant has known of the existence of the '532 Patent since at least as early as July 7, 2015, which was the issue date of the '532 Patent, and its acts of infringement have been willful and in disregard for the '532 Patent, without any reasonable basis for believing that it has a right to engage in the infringing conduct.

43.     On information and belief, Defendant has acted and/or is continuing to act despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of that objectively high risk at least as of July 7, 2015. Thus, on information and belief, Defendant's infringement of the '532 Patent has been, and continues to be

knowing, intentional and willful, thereby entitling Plaintiff to enhanced damages and reasonable attorneys' fees and costs under 35 U.S.C. § 284.

44.     As a result of Defendant's infringement of the '532 Patent, Plaintiff has suffered damages and is entitled to a judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of Plaintiff's inventions by Defendant, together with interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284.

45.     Defendant's acts of infringement of the '532 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities by Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 9,645,580**

46.     Plaintiff restates and realleges the foregoing paragraphs in this Amended Complaint as though fully set forth in this Count.

47.     On information and belief, Defendant has infringed and continue to infringe the '580 Patent by selling, offering for sale and/or using within the United States, and/or importing into the United States, including within this District, the Infringing Drone Products, which embody the inventions claimed in

at least Claims 1, 2, 5, 7, 8, 11 and 15 of the '580 Patent as established in the claim charts attached as **Exhibit I-1, I-2, I-3, I-4, I-5 and I-6**, and which comprise acts of infringement under 35 U.S.C. § 271(a).

48.     On information and belief, Defendant has been and is inducing infringement of at least Claims 1, 2, 5, 7, 8, 11, 13, 14 and 15 of the '580 Patent by actively and knowingly inducing others to use, sell, offer for sale or import the Infringing Drone Products that embody or use the inventions claimed in the '580 Patent, which constitutes infringement under 35 U.S.C. § 271(b). That conduct by Defendant includes, without limitation, inducing Defendant's drone customers to download applications from the Apple® Store for an Apple® mobile device or from the Google® Store for an Android® mobile device, which application can be used to control the Infringing Drone Products, in a manner consistent with at least the limitations of Claims 1, 2, 5, 7, 8, 11, 13, 14 and 15 of Plaintiff's '580 Patent. (*See* **Exhibit F-1, F-2, F-3, F-4 and F-5.**) The software download is used to operate the Infringing Drone Products in a tilt-to-fly mode in which an orientation of the body of the flying craft mimics an orientation of the mobile device operating as a handheld controller as claimed in the '580 Patent.

49.     On information and belief, Defendant has knowledge of the '580 Patent, including knowledge of the claims, since at least as early as May 9, 2017, which was the issue date of the '580 Patent.

50.   On information and belief, Defendant has acted and/or is continuing to act despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of that objectively high risk since at least as early as May 9, 2017, which was the issue date of the '580 Patent.

51.   On information and belief, Defendant's infringement of the '580 Patent has been and continues to be willful and deliberate, in disregard of Plaintiff's rights, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

52.   As a result of Defendant's infringement of the '580 Patent, Plaintiff has suffered damages and is entitled to a judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of Plaintiff's inventions by Defendant, together with interest and costs as fixed by the Court.

53.   Defendant's acts of infringement and/or inducement of infringement have also caused and will continue to cause irreparable harm to Plaintiff, thus entitling Plaintiff to injunctive relief enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '580 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment against Defendant Amazon.com, Inc. as follows:

1.     For an injunction in favor of Plaintiff and against Defendant preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducement infringement of the '239 Patent, the '532 Patent and the '580 Patent, and/or such other equitable relief the Court determines is warranted;

2.     For a judgment in favor of Plaintiff and against Defendant determining that Defendant has infringed the '239 Patent, the '532 Patent and the '580 Patent in violation of 35 U.S.C. § 271;

3.     For a judgment in favor of Plaintiff and against Defendant awarding Plaintiff damages in accordance with 35 U.S.C. § 284, including all damages adequate to compensate Plaintiff for Defendant's infringement, in no event less than a reasonable royalty, such damages to be determined by a jury, and additionally, ordering an accounting sufficient to adequately compensate Plaintiff, and that such damages be awarded to Plaintiff, together with interest, including prejudgment and post-judgment interest, and costs;

4.     For a judgment in favor of Plaintiff and against Defendant determining that Defendant has willfully and deliberately committed acts of patent infringement, and awarding Plaintiff enhanced damages in light of Defendant's willful infringement pursuant to 35 U.S.C. § 284;

5.     For a judgment in favor of Plaintiff and against Defendant determining that this is an "exceptional case" pursuant to 35 U.S.C. § 285 and awarding Plaintiff the reasonable legal fees, costs and expenses that Plaintiff has incurred in prosecuting this action; and

6.     Any and all other relief, at law or equity, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issue so triable by right under Rule 38 of the Federal Rules of Civil Procedure.


LOMMEN ABDO, P.A.


Dated:  November 22, 2017          By:___/s/ Bryan R. Feldhaus_____
                                      Phillip A. Cole, I.D. No. 17802
                                      Bryan R. Feldhaus, I.D. No. 0386677
                                      1000 International Centre
                                      920 Second Avenue South
                                      Minneapolis, MN 55402
                                      (612) 339-8131
                                      phil@lommen.com
                                      bryan@lommen.com


LAW OFFICES OF CHAZ DE LA GARZA

                                    Charles De La Garza, I.D. No. 0281396
                                    80 South Eighth Street
                                    900 IDS Center
                                    Minneapolis, MN 55402
                                    chaz@cdlglaw.com

                                    ***ATTORNEYS FOR PLAINTIFF***